**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

**UNITED STATES OF AMERICA**

**VS.**                                   **4:09-CR-00278-06-BRW**
                                          **4:13-CV-00612-BRW**

**JOSE LUIS ESCOTA MOYA**

**ORDER**

Pending is Petitioner's Motion to Vacate, Set Aside, or Correct his sentence under

28 U.S.C. § 2255 (Doc. No. 350).  The Prosecution has responded.[1]

**I.      BACKGROUND**

A jury found Petitioner guilty of conspiring to possess with intent to distribute more than

500 grams of methamphetamine; possessing with intent to distribute less than 50 grams of

methamphetamine; and being an alien unlawfully in possession of 12 firearms.[2]  On January 6,

2012, Petitioner was sentenced to 200 months in prison, followed by 5 years supervised release.[3]

The Eighth Circuit affirmed Petitioner's conviction on August 23, 2012.[4]  On October 25, 2013,

Petitioner filed the pending § 2255 habeas petition, alleging ineffective assistance of counsel.

**II.     DISCUSSION -- Ineffective Assistance of Counsel**

Petitioner alleges that his counsel was ineffective because counsel failed to advise him

about a plea agreement offered by the Prosecution before trial.  Specifically, Petitioner contends

that his lawyer failed to "act in his best interest by protecting his rights" and failed "to inform

---

[1]Doc. No. 354.

[2]Doc. No. 269.

[3]Doc. No. 310.  Petitioner received 200 months imprisonment each on Counts 1 and 7, and 120 months on Count 8, all to run concurrently for a total of 200 months.

[4]Doc. No. 335.

him of an offer of a plea agreement, which was much more favorable than his ultimate sentence."[5]  Petitioner also asserts that he can "show a reasonable probability that he would have accepted the more favorable plea offer . . . ."[6]

To prevail on his ineffective assistance of counsel claim, Petitioner must show both deficient performance and prejudice.  So, Petitioner must demonstrate (1) that his counsel's performance "fell below an objective standard of reasonableness," and (2) that it is reasonably probable that, "but for counsel's unprofessional errors, the result of the proceedings would have been different."[7]

"As a general rule" a defendant's lawyer has a "duty to communicate formal [plea] offers from the prosecution,"[8] and the failure to do so might fall below an objective standard of reasonableness.  However, Petitioner's assertion that he was never made aware of the Prosecution's plea offer is unsupported by the record.  At sentencing, Petitioner complained that his lawyer failed to explain the benefit of "ple[ading] guilty or not" versus the risks of going to trial.[9]  Petitioner's statement suggests that he was aware that accepting a plea agreement was an alternative to going to trial.  Additionally, the Defendant's lawyer's affidavit indicates that he talked to Defendant at least six times about taking the Prosecution's plea offer.[10]

---

[5]Doc. No. 350.

[6]*Id.*

[7]*Wilson v. Armontrout*, 962 F.2d 817, 819 (8th Cir. 1992) (citing *Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984)).

[8]*Missouri v. Freye*, 132 S. Ct. 1399, 1408 (2012).

[9]Doc. No. 327 ("THE DEFENDANT: The point that I had and the different -- if I would have pled guilty or not and the risks if I would have gone to trial or not, because of the points that I have. And for not knowing the options that I could have had.").

[10]Doc. No. 354-1.

Even assuming that Petitioner's lawyer never notified him of the Prosecution's plea offer, Petitioner can show no prejudice.  "To establish prejudice . . . [Petitioner] must show that, but for his counsel's advice, he would have accepted the plea.  To command an evidentiary hearing, the movant must present some credible, non-conclusory evidence that he would have pled guilty had he been properly advised."[11]

Petitioner's position is:

There is no evidence that the Petitioner was refusing to plead guilty.  Therefore, there is a reasonable probability that he would have accepted the offer if he had known about it and counsel would have provided the proper guidance concerning potential liability of going to trial and possible sentences.[12]

"A defendant who maintains his innocence at all stages of his criminal prosecution and shows no indication that he would be willing to admit his guilt undermines his later § 2255 claim that he would have pled guilty if only he had received better advice from his lawyer."[13]  Such is the case here.

The plea agreement required Petitioner to plead guilty to Count 1 of the indictment and stipulate that he was responsible for conspiring to possess with intent to distribute between 500 grams and 1.5 kilograms of methamphetamine.  However, throughout this prosecution, Petitioner maintained his innocence regarding the conspiracy charge in Count 1.  At sentencing, Petitioner argued that he was not a co-conspirator and that he should be responsible for only the methamphetamine found on him when he was arrested.[14]  During allocution, Petitioner noted that

---

[11]*Engelen v. United States*, 68 F.3d 238, 241 (8th Cir. 1995).

[12]Doc. No. 350.

[13]*Sanders v. United States*, 341 F.3d 720, 723 (8th Cir. 2003).

[14]Doc. No. 327 (Petitioner's lawyer argued that to "stipulate or to agree to any other amount [than that found on Petitioner when he was arrested] would be . . . contradictory to [Petitioner's] position that he maintains of being not guilty of being a co-conspirator in this case.").

the Prosecution had to "rely on the testimony of others" because the Prosecution "could not prove anything."[15]  Petitioner steadfastly maintained that he was not guilty of involvement in the conspiracy, and that he would "never accept things that I did not do."[16]  The record is devoid of any evidence that Petitioner would have acknowledged his guilt before trial.

None of Petitioner's other allegations amount to ineffective assistance.  For example, Petitioner contends that counsel failed to object to the drug quantities in the PSR, but counsel made this objection at sentencing and it was overruled.  Petitioner also asserts that counsel failed to advise him about a "5-point reduction" -- a combination of acceptance of responsibility, the safety valve, and "one point off by the judge."[17]  However, the "safety valve" did not apply because Petitioner possessed a gun in connection with the offense.  Finally, Petitioner was not entitled to a reduction for "acceptance of responsibility" because he maintained his innocence and went to trial.

## CONCLUSION

Based on the findings of fact and conclusions of law above, Petitioner's Motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (Doc. No. 350) is DENIED, and this case is DISMISSED with prejudice.

IT IS SO ORDERED this 11th day of December, 2013.


/s/Billy Roy Wilson
UNITED STATES DISTRICT JUDGE

---

[15]*Id.*

[16]*Id.*

[17]Doc. No. 350.